UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

——————————————————————————— x

XIAOLIANG MOU and TERRY HANSON,
individually and on behalf of all others
similarly situated,

Plaintiffs,

-against-                                                    26 civ. 1311 (CM)

BTC KING TECHNOLOGY CO., LTD.
(d/b/a "BKEX"), JI JIAMING,
BINANCE HOLDINGS LIMITED
(d/b/a/ "Binance" and Binance.com" and
AUX CAYES FINTECH CO. LTD.
(d/b/a "OKX" and formerly d/b/a "OKEx"),

Defendants.

——————————————————————————— x

### MEMORANDUM DECISION AND ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO SERVE DEFENDANTS BINANCE AND OKX BY EMAIL

McMahon, J.:

Last year, the United States Court of Appeals for the Second Circuit held that courts may not order service by email in cases where service of process is governed by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Service Convention"), because email service is prohibited by the Convention. *Smart Study Co., Ltd., v. Shenzhenshinindajixieyouxiangongsi*, 164 F. 4th 164, 172 (2d Cir. 2025). Fed. R. Civ. P. 4(f)(3) cannot be used as a workaround to the restrictions in the Convention where the treaty applies.

Plaintiffs are trying to commence a class action against Defendants Binance Holdings Limited ("Binance") and Aux Cayes Fintech Co. Ltd. ("OKX"), which are two of the world's

largest and best known cryptocurrency exchanges. They have moved for an order pursuant to Fed. R. Civ. P. 4(f)(3) authorizing alternative service – specifically, service by email – against Binance and OKX.

Binance has appeared specially by counsel to contest the motion, on the ground that it is incorporated in the Cayman Islands, which is a party to the Hague Service Convention, and so cannot be served except in compliance with the terms of that treaty. The Cayman Islands, through the United Kingdom, is indeed a signatory to the Hague Service Convention. *See* https:www.hcch.net/en/instru,ents/conventions/status-table/extesions/?cid=17&mid=427, *see also, In re Aramid Entm' Fund Ltd.* 664 B.R. 9, 42-43 (S.D.N.Y. Bankr. 2024).

OKX has not appeared to contest the motion. But as OKX pleaded guilty in this district last year to operating an unlicensed money transmitting business, the court is aware, from a criminal information filed on the publicly available docket of this court by the United States Department of Justice, that OKX is incorporated in the Seychelles. *See United States of America v. Aux Cayes Fintech Co. Ltd.,* 25 Cr. 69 (KPF), Criminal Information, Dkt. No. 1, ¶ 1. The Seychelles is also a contracting party to the Hague Service Convention. See, https://www.hcch.net/en/states/other-connected-parties/details2/?sid=127 (indicating that the Seychelles is a party to five Hague Conventions, including the Service Convention).

Applying *Smart Study Co.* to the facts available to the court, the relief Plaintiffs seek is unavailable to them. The motion is DENIED. If Plaintiffs wish to add these two corporations as parties to their lawsuit against Defendants BTC King Technology Co. Ltd. and Ji Jiaming, they will need to comply with the requirements for service of process authorized by the Cayman Islands and the Seychelles pursuant to the Convention. Email is not an available method of service. There is no good faith basis for arguing the contrary.

I reject Plaintiffs' argument that the fact that OKX has not entered a special appearance or contested service means that I cannot deny the motion with respect to it. Since the Second Circuit's decision in *Smart Study Co.*, this Court has been entirely without the power to authorize service by email on a Hague Convention party. I will not enter an order that I know to be void and invalid.

The Court notes that *Smart Study Co.* is NOT INCLUDED in the list of cases cited in support of the Plaintiffs' motion. This omission is startling. The Second Circuit's decision was widely reported when it came down last year because it resolved an important open issue in the law – namely, whether Fed. R. Civ. P. 4(f) could be relied on to get around the limitations on email service inherent in the Convention. A simple internet search revealed the place of incorporation of both Binance and OKX to the Court. If the Court could locate this information, the Plaintiffs' counsel could certainly locate it – and was obligated to locate it before making representations to the Court about the availability of alternative methods of service. Plaintiffs' counsel are lucky that the Court is not sanctioning them for failing to call *Smart Study Co.* and the limitations of the Hague Service Convention to the Court's attention in the first place.

This failure by Plaintiffs' counsel has caused the Court *sua sponte* to question the validity of its March 15, 2026 order that granted an unopposed motion by Plaintiffs to serve by email the two original defendants in this lawsuit: BTC King Technology Co. Ltd. (BKEX) and Ji Jiaming. The Court granted the motion for alternative service via social media on BKEX and Jiang because Plaintiff's counsel represented to me without contradiction (1) that Plaintiffs had been unable to identify a reliable physical address for service on either defendant and (2) the proposal to serve them by social media was not prohibited by international agreement. (Dkt. No. 15). The second of those representations was incorrect. Another simple internet search – conducted by the Court, but apparently not by counsel – revealed that BKEX is chartered in the British Virgin Islands, which

is also a party to the Hague Service Convention. *See* https://www.hcch.net/en/instruments/conventions/statustable/extensions/?cid=17&mid=427. That means this Court had no power on March 15, 2026 to authorize service on BKEX except in accordance with the Hague Service Convention as interpreted by the BVI – which does not appear to authorize alternative service by email or social media. *See* Hague Convention Blog, www.haguelawblog.com>2019/03> how-to-serve-process-in-the-british-virgin-islands.

Therefore, to the extent that this Court's order of March 15, 2026 authorized alternative service on BKEX by any method that does not comply with the Hague Service Convention as interpreted in the British Virgin Islands, it is hereby VACATED and is of no force and effect. Any service effected in reliance on such order in a manner not authorized by the Convention is a nullity.

This leaves Defendant Ji Jiaming. Mr. Jiaming has apparently consented to alternative service, because he has entered a general (not special) appearance by counsel and has moved to dismiss the complaint. As of July 15, 2026, that motion is fully briefed and it will be considered and decided by the Court.

Aside from Mr. Jiang's motion, all proceedings in this lawsuit are STAYED until such time as the Court is satisfied that service has been lawfully effected on any of the other defendants.

The Clerk of Court should remove the motion at Dkt. No. 39 from the Court's list of open motions.

This is a written opinion.

Dated: July 23, 2026

_Colleen M. McMahon_

_____

U.S.D.J.

BY ECF TO ALL COUNSEL